**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4669**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES THOMAS DONEL,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. William L. Osteen, District Judge. (CR-03-12)

―――――――――

Submitted: November 20, 2006      Decided: December 28, 2006

―――――――――

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

David Q. Burgess, LAW OFFICE OF DAVID Q. BURGESS, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Donel appeals his conviction following a jury trial of one count of theft of firearms and aiding and abetting same in violation of 18 U.S.C. § 1951 (2000); one count of unlawful use and possession of a firearm in relation to a crime of violence, aiding and abetting, in violation of 18 U.S.C. § 924(c) (2000); and three counts of unlawful theft of firearms, in violation of 18 U.S.C. § 922(u) (2000) and § 924(l) and (m). Donel was sentenced to a total term of 130 months' imprisonment. On appeal, Donel argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict on the count of aiding and abetting the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to

the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

Proof that a defendant aided and abetted a violation of § 924(c) requires the government to "establish that the defendant knew 'to a practical certainty that the principal would be [using] a gun.'" United States v. Spinney, 65 F.3d 231, 237 (1st Cir. 1995). This essentially requires proof of actual knowledge that a gun would be used. Our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove that Donel had actual knowledge that a firearm would be used in the robbery.

We therefore affirm Donel's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED